IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01058-PAB

KATHLEEN SEABRON,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER OF REMAND**
_____

    This matter is before the Court on defendant's Notice of Removal ("Notice") [Docket No. 1]. Defendant alleges that the Court has jurisdiction based on diversity of citizenship and an amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332(a)(1). *See* Docket No. 1 at 2, ¶ 2. In support of the amount in controversy, defendant relies exclusively on the state court civil cover sheet which "indicat[es] that simplified rules of civil procedure do not apply because the Plaintiff is seeking more than $100,000 in damages." Docket No. 1 at 2, ¶ 4.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter.").  Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."  *Laughlin*, 50 F.3d at 873.  Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand.  *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter

jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Martin*, 251 F.3d at 1290.

Here, there is no specific dollar amount suggested by the complaint. Because the complaint fails to establish a sufficient amount in controversy, I look to the Notice to determine if defendant has "affirmatively established" the amount in controversy. *Laughlin*, 50 F.3d at 873. The Notice, however, relies exclusively upon the state court civil cover sheet in support of its allegation regarding the amount in controversy. *See* Docket No. 1 at 2, ¶ 4 (citing Docket No. 1-3 at 2). It is firmly established in this District that state court civil cover sheets indicating that a plaintiff is "seeking a monetary judgment for more than $100,000 against another party" do not by themselves affirmatively establish the amount in controversy. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007); *Bauer v. Kipling*, No.

10-cv-01615-WYD-MEH, 2010 WL 2867868, at *2 (D. Colo. July 21, 2010); *Graff v. Allergan, Inc.*, No. 10-cv-01296-CMA-BNB, 2010 WL 2400063, at *1 (D. Colo. June 14, 2010); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-2 (D. Colo. Feb. 9, 2009).

Therefore, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Denver County, Colorado, where it was originally filed as Case No. 2011-CV-2226

DATED April 22, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge